IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,        Civ. S-00-2790-DFL
                             Cr. S-97-0039-001-DFL
  v.
                             O R D E R

EDUARDO PINEDA,

    Defendant.

_____/

    Defendant moves to reopen his 28 U.S.C. § 2255 motion under Fed.R.Civ.P. 60(b)(5). On November 27, 2001, the court denied his § 2255 petition. Petitioner argues that a change in the law allows him to challenge his sentence. Under Rule 60(b)(5), the court may relieve a party from final judgment, order, or proceeding if "the judgement has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Petitioner claims that <u>Schriro v. Summerlin</u>, 542 U.S. 348, 124 S.Ct. 2519 (2004) implicitly overruled <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664, 667 (9th Cir. 2002), which held that <u>Apprendi</u> does not apply retroactively.

1     Allowing petitioner to reopen his §2255 petition under Rule
2 60(b)(5) would impermissibly circumvent the requirement that a
3 successive petition be precertified by the court of appeals as
4 falling within an exception to the successive-petition bar.  <u>See</u>
5 <u>Gonzalez v. Crosby</u>, 125 S.Ct. 2641, 2647-48 (2005).  Therefore,
6 the court DENIES petitioner's motion to reopen his § 2255 under
7 Rule 60(b)(5).
8     IT IS SO ORDERED.
9 Dated: 8/4/2006

                                    _____
                                    DAVID F. LEVI
                                    United States District Judge