UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO PINEDA,<br><br>Defendant. | No. 2:97-cr-00039-JAM-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Before the Court is Defendant's motion for compassionate release. See Mot., ECF No. 32. The United States opposed. See Opp'n, ECF No. 134. Defendant replied. See Reply, ECF No. 135. For the reasons set forth below, the Court GRANTS Defendant's motion.

In the Ninth Circuit, the decision of whether to grant or deny a compassionate release is within the sound discretion of the district court. See United States v. Aruda, 993 F.3d 797, 801 (9th Cir. 2021) (explaining district courts are "empowered to consider any extraordinary and compelling reason for release that a defendant might raise"). Here, the Court finds two factors particularly support Defendant's release: (1) a change in federal law, and (2) Defendant's significant and sustained rehabilitation

1

efforts while in custody.  Accord United States v. Slater, No. 2:03-CR-00371-JAM, 2022 WL 2441285, at *1 (E.D. Cal. July 5, 2022).

Beginning with the change in law, when Defendant pled guilty, his Section 841(b)(1)(A) conviction required a mandatory life sentence.  Mot. at 7.  But the First Step Act of 2018 eliminated that mandatory life requirement.  Id. at 12.  As a result, Defendant would be sentenced to less time if he were sentenced today.  Id.  The United States acknowledged this change in federal law in its opposition and agrees that this Court is allowed to consider it in exercising its discretion to reduce a sentence.  See Opp'n.

Defendant's rehabilitation efforts during his almost 28 years in custody also weigh in favor of release.  See Mot. at 8 (summarizing rehabilitation efforts).  In particular, he has received his GED and taken other classes to develop skills and manage emotions.  See Mot., Exh. C at 3.  The United States argues that Defendant's disciplinary violations demonstrate that he has not rehabilitated.  Opp'n at 7.  Defendant admits he has made mistakes, such as fighting, possessing a dangerous weapon, and possessing drugs/alcohol.  See id., Exh. 2.  But viewing his prison record as a whole, the Court finds that the steps he has taken towards self-reflection and rehabilitation paint a more accurate picture and far outweigh his missteps.  Accord United States v. Neal, No. 209CR00089JAMKJN1, 2020 WL 4476718, at *3 (E.D. Cal. Aug. 4, 2020).  Many of the write-ups on Defendant's disciplinary record provide vague descriptions of generally

innocuous conduct: "refusing work/pgm assignment"; "refusing to obey an order"; "possessing a non-hazardous tool"; "engaging in group demonstration"; "being insolent to staff member."  Opp'n, Exh. 2.  Defendant's rehabilitation efforts, on the other hand, are substantive and reflect deliberate moves in the right direction.  Moreover, Defendant has plans to return to Mexico, where he would reside with family members who are ready to welcome him.  See Mot. at 3; Mot., Exh. D.  Given his rehabilitation and reentry plan, the Court finds that Defendant will not endanger the community if released.

Lastly, the Court finds that the relief to be granted pursuant to 18 U.S.C. § 3582(c)(1)(A) is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).  Reducing Defendant's sentence to time served would be "sufficient but not greater than necessary to comply with" the purposes of sentencing under § 3553(a). A mandatory life sentence for Defendant's crime is clearly not warranted here.

Accordingly, the Court GRANTS Defendant's motion for compassionate release.  Defendant shall spend up to 14 days in quarantine and obtain medical clearance prior to release.  During this time, appropriate travel arrangements shall be made to ensure Defendant's safe release.  Upon release, Defendant shall begin serving his 60-month term of supervised release.

IT IS SO ORDERED.

Dated: October 11, 2024

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE